**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NAGI TABET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 10-CV-4606 |
| | ) | |
| MILL RUN TOURS, INC., ET AL., | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on motions to dismiss the claims of Plaintiff Nagi Tabet filed by Defendants Mill Run Tours, Inc., Jimmy Daher, and Pierre Azzi (collectively "Mill Run Defendants") and by Defendants Village of Lincolnwood and Officer Schenita Stewart ("collectively "Lincolnwood Defendants").[1]  For the following reasons, the Court grants in part the Mill Run Defendants' motion to dismiss [18], grants in part the Lincolnwood Defendants' motions to dismiss [16], and dismisses Plaintiff Tabet's § 1983 false arrest/false imprisonment claim against all Defendants (Count V).  The dismissals are without prejudice at this time. Plaintiff is given 28 days to replead if he believes that he can cure the deficiencies identified below.  Should Plaintiff chose not to replead or be unable to cure the deficiencies, the remainder of Plaintiff's claims—all state law claims—will be remanded to the Circuit Court of Cook County.

---

[1]  There are two related cases pending before the Court.  With the exception of Plaintiff Nagi Tabet's additional claims for breach of contract and conversion in Case No. 10-CV-4606, the legal claims of Plaintiffs Gvozden and Tabet are largely without material differences.  However, because Plaintiffs' complaints arise under slightly different factual circumstances, the Court will address the motions to dismiss Plaintiff Gvozden's claims in a separate order.

## I.       Background

Defendant Mill Run Tours, Inc. ("Mill Run") is a ticket facilitator/air travel wholesaler that obtains airline tickets at bulk rate prices directly from airlines and resells those tickets to travel agencies for a profit.  Plaintiff Nagi Tabet worked for Mill Run from approximately 1988 to June 2006, when he went to work for a competitor.  Plaintiff Merima Gvozden, who has filed a separate lawsuit, worked for Defendant Mill Run Tours, Inc. ("Mill Run") as a ticket agent from 1997 until June 2006, when she too went to work for one of Mill Run's competitors. Defendant Jimmy Daher was the manager of the Chicago office of Mill Run.  Defendant Pierre Azzi was a supervisor and agent for Mill Run, based out of its New York office.

According to the complaint, sometime prior to June 18, 2008, Defendant Daher contacted Lincolnwood Police Detective (and Defendant) Schenita Stewart and alleged that Plaintiff Tabet had fraudulently and criminally converted money that belonged to Mill Run.  Daher claimed that Plaintiff, while employed by Mill Run, diverted Mill Run business to separate companies and affected the profits of Mill Run.  The complaint further states that Defendant Azzi caused and authorized Daher to accuse Plaintiff of criminal acts.  Based on the statements and reports of the Mill Run Defendants, Tabet was arrested for theft and wire fraud on or about June 18, 2008. Plaintiff alleges that the Lincolnwood Defendants failed to properly investigate the allegations, and, if they had, they would have determined that the claims made by Mill Run and its agents were false.  According to the complaint, the failure to investigate was done in furtherance of a conspiracy to deprive Plaintiff of his rights.

Plaintiff also alleges that he was taken into custody and placed in a jail cell, but the complaint does not set forth the length of time that he remained in custody.  At the conclusion of a criminal trial in May 2010 in the Circuit Court of Cook County, Plaintiff Tabet was acquitted

of all charges. Shortly thereafter, on June 11, 2010, Plaintiff Tabet filed a seven-count complaint in the Circuit Court of Cook County, alleging a variety of state and federal claims. Specifically, Tabet alleges false arrest/false imprisonment (Count I), malicious prosecution (Count II), intentional infliction of emotional distress (Count III), conspiracy (Count IV), 42 U.S.C. § 1983 claim for false arrest (Count V), breach of contract (Count VI), and conversion/theft (Count VII).

On July 23, 2010, the Lincolnwood Defendants removed the case to this Court. Defendants also removed Plaintiff Merima Gvozden's case. The cases were assigned to different judges, and on August 20, 2010, the Lincolnwood Defendants asked the Court to reassign Plaintiff Tabet's case from Chief Judge Holderman to this Court on the basis of relatedness. The Court granted the motion on September 7, 2010, and thus the Court has before it the motions to dismiss filed by both sets of Defendants.

## II.     Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[O]nce a claim has been stated adequately, it may be supported by showing

any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

## III. Analysis

The essential allegations in Counts I through V are that the Run Mill Defendants made statements to the police or in legal proceedings that resulted in the criminal prosecution of Plaintiff Tabet, and that the Lincolnwood Defendants failed to investigate those allegations, resulting in the illegal arrest, prosecution, and continuing prosecution of Plaintiff Tabet.[2] Plaintiff has alleged one federal claim—a § 1983 claim for false arrest/false imprisonment—and the remaining claims arise under state law.

### A. Plaintiff Tabet's 42 U.S.C. § 1983 Claim Against the Run Mill Defendants

When a plaintiff brings a § 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private person or entity acted under the color of state law. The requirement "sets the line of demarcation between those matters that are properly federal and those matters that must be left to the remedies of state tort law." See *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999); *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 349-51 (1974). Both the Supreme Court and the lower federal courts have acknowledged the difficulty in determining whether a private entity has acted under the color of state law. At its most basic level, the state action doctrine requires that a court find such a "close nexus between the State and the challenged action" that the challenged action "may be fairly treated as that of the State itself." *Jackson,* 419 U.S. at 351, 95 S.Ct. 449 (citing *Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 176 (1972)).

---

[2]   Counts VI and VII allege breach of contract and conversion/theft, respectively.

In *Rendell-Baker v. Kohn,* 457 U.S. 830 (1982), the Supreme Court wrote that "[t]he ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Id.* at 838 (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)). In most cases, the state actor is an officer or employee of state government, and it is easy to conclude that the person's actions are fairly attributable to the state. However, the Court has long recognized that, on some occasions, the acts of a private party are fairly attributable to the state because the party has acted in concert with state actors. See *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 170 (1970) (observing that "a State is responsible for the discriminatory act of a private party when the State, by its law, has compelled the act"); see also *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003) (stating that "defendants may be found to act under color of state law when the defendants have conspired or acted in concert with state officials to deprive a person of his civil rights"). In *Blum v. Yaretsky,* 457 U.S. 991 (1982), the Supreme Court held that "a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id.* at 1004. The Supreme Court has set forth several tests for lower courts to employ in evaluating the "range of circumstances" that might constitute state action. *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n,* 531 U.S. 288, 295 (2001); see also *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 823 (7th Cir. 2009) (noting that the four tests to determine whether a private party is a state actor are (1) the symbiotic relationship test (satisfied when private and public actors carry out a public function); (2) the state command and encouragement test (satisfied when the state requires the actions of the private actor); (3) the joint participation doctrine (satisfied when the private

action is the same as the state action); and (4) the public function test (satisfied when private activity is fairly attributable to the state)). Nowhere in the complaint does Plaintiff allege that the Run Mill Defendants were cloaked in any degree of state authority. See also *Case*, 327 F.3d at 566. Nor do the facts presented in the complaint support such a conclusion. Rather, the allegations in the complaint attempt to allege a conspiracy between state officials and the Run Mill Defendants.

In a case cited by Plaintiff, the Illinois Appellate Court stated that "the mere act of giving information to the police is insufficient in itself to constitute participation in an arrest." *Dutton v. Roo-Mac, Inc.*, 426 N.E.2d 604, 607 (Ill. App. Ct. 2d Dist. 1981); see also *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985) ("providing false information to an arresting officer is not, by itself, sufficient to state a claim against that private party under § 1983). Here, Plaintiff's allegations that the Mill Run Defendants made false statements to police in order to prevent Tabet from working for a competitor cannot serve as the grounds for a § 1983 claim against the Mill Run Defendants. See also *Shelton v. Schneider*, 2006 WL 59364, at *4 (N.D. Ill. Jan. 4, 2006) ("Nor can plaintiff's assertion that her arrest was predicated on defendant Schneider's criminal complaint of 'shear slander and fantasy' serve as the grounds for a § 1983 claim against defendant Schneider, because a private citizen cannot be considered a state actor simply by making a false complaint to the police, upon which the police act.").

Furthermore, "mere allegations of a conspiracy" are insufficient to demonstrate a concerted effort or plan between a private party and the state official and thus bare allegations of a conspiracy will not withstand a motion to dismiss a § 1983 claim filed against a private party. *Moore*, 754 F.2d at 1352; see also *Loubser v. Thacker*, 440 F.3d 439, 442-43 (7th Cir. 2006) (although a conspiracy need not be pled with the particularity required by Rule 9(b) of the

Federal Rules of Civil Procedure, "it differs from other claims in having a degree of vagueness that makes a bare claim of 'conspiracy' wholly uninformative to the defendant"). Instead, the complaint must allege that the state official and the private party "somehow reached an understanding to deny the plaintiffs their constitutional rights." *Id.*; see also *Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000); *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) ("To establish Section 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participants in joint activity with the State or its agents.").

Plaintiff Tabet has failed to allege sufficient facts to show how the Mill-Run Defendants were acting under color of state law when they made statements to the police. Nor are there any allegations that even suggest an "agreement" between the Run Mill Defendants and the Lincolnwood Defendants, aside from Plaintiff's bare allegation that there was a "conspiracy." See, *e.g.*, *Sudduth v. Donnelly*, 2009 WL 918090, at *4 (N.D. Ill. Apr. 1, 2009) (dismissing § 1983 claim when other than statement that defendants "conspired" to deny plaintiff his constitutional rights, the complaint contained "no allegations that would demonstrate that the Ebay Defendants entered into an agreement with the other Defendants to deprive Sudduth of his constitutional rights"). For instance, it is not clear from Plaintiff's complaint exactly which private defendants and state actors acted in concert, what agreement was made and why, and, most problematic, what specific acts were made in furtherance of the agreement. Without specific factual allegations as to each Defendant's participation in a concerted action to deprive Plaintiff of his rights, the Court cannot find (or even infer that) the acts of the Run Mill Defendants are fairly attributable to the state. Rather, the allegations in Plaintiff's complaint

establish only that the Mill Run Defendants made statements to a state actor, not that they were acting as state actors. Plaintiff's bare allegations of a conspiracy, without any additional allegations which support a conspiracy theory, are insufficient to demonstrate the concerted action needed to show that the Run Mill Defendants were acting under color of state law. Accordingly, they cannot be held liable under § 1983.

**B.     Plaintiffs' 42 U.S.C. § 1983 Claims Against the Lincolnwood Defendants[3]**

Plaintiff alleges that Defendant Stewart did not have probable cause to arrest him for any of the crimes charged. Where the underlying facts supporting probable cause are not in dispute, a court may decide whether probable cause exists. See *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009) (citing *Maxwell v. City of Indianapolis*, 998 F.2d 431, 434 (7th Cir. 1993)). Once probable cause relating to an offense is established, all § 1983 liability against the arresting officer(s) is barred, "even if the person was arrested on additional or different charges for which there was no probable cause." *Holmes v. Village of Hoffman Estate*, 511 F.3d 673, 682 (7th Cir. 2007) (citing *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004)); *Pourghoraishi v. Flying J., Inc.*, 449 F.3d 751, 762 (7th Cir. 2006).

Whether an officer has probable cause to arrest depends on the requirements of the applicable state criminal law. *Pourghoraishi*, 449 F.3d at 761 (citing *Williams v. Jaglowski*, 269 F.3d 778, 782 (7th Cir. 2001)). As long as an officer has probable cause to believe that an

---

[3]  The Lincolnwood Defendants neither moved to dismiss Count V nor filed an answer as to Count V. Having already considered Count V as it applies to the Run Mill Defendants, the Court *sua sponte* considers Count V as it applies to the Lincolnwood Defendants. The Seventh Circuit has noted that district courts may proceed in that fashion consistent with Rule 12(b)(6), "provided that a sufficient basis for the court's action is evident from the plaintiff's pleading." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997); see also *Ruiz v. Kinsella*, 2011 WL 892756, at *7 (N.D. Ill. Mar. 14, 2011); *Novak v. Experian Information Solutions, Inc*., 2011 WL 814968, at *5 (N.D. Ill. Feb. 25, 2011). As set forth below, the allegations in Plaintiff's complaint provide a sufficient basis for the Court's examination of Count V as to the Lincolnwood Defendants.

individual "has committed even a very minor criminal offense in his presence," the officer may arrest the offender without violating the Fourth Amendment. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). In this case, Plaintiff alleges that Defendant Daher contacted Officer Stewart and complained that Plaintiff had engaged in fraudulent and criminal activity. According to Plaintiff Tabet's complaint, "[b]ased on the statements and reports of Mill-Run and its employees, Tabet was arrested for theft and wire fraud on or about June 18, 2008."

Daher's statements gave Stewart probable cause to arrest Plaintiff. See *Woods v. City of Chicago*, 234 F.3d 979, 987 (7th Cir. 2000) ("So long as a reasonable credible witness or victim informs the police that someone has committed a crime, the officers have probable cause to place the alleged culprit under arrest."); *Grimm v. Churchill*, 932 F.2d 674, 675 (7th Cir. 1991) ("As we have previously held, [w]hen an officer has received his information from some person – normally the putative victim or an eye witness – who it seems reasonable to believe is telling the truth, he has probable cause.") (internal quotations omitted). Once a reasonably credible complaint has been made, the existence of probable cause to arrest does not depend on the truth of the complaint. See *Kelley v. Myler*, 149 F.3d 641, 647 (7th Cir. 1998) ("Probable cause does not depend on the witnesses turning out to have been right; it's what the police know, not whether they know the truth that matters."). Officer Stewart was entitled to take Daher at his word as to Plaintiff's actions, and Daher's statement to police gave them the probable cause to arrest Plaintiff. See also *Beauchamp v. City of Noblesville*, 320 F.3d 733, 743 (7th Cir. 2003) ("The complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious").

Plaintiff further alleges that "[n]either Lincolnwood nor Stewart properly investigated the allegations as to the acts of Tabet" and that the "failure of Lincolnwood or Stewart to properly

investigate Mill-Run's allegations was an act in furtherance of the conspiracy to deprive Tabet of his rights." However, it is well settled that once police officers "have discovered sufficient facts to establish probable cause, they have no constitutional obligation to conduct any further investigation in the hopes of uncovering potentially exculpatory evidence." *Schertz v. Waupaca County*, 875 F.2d 578, 583 (7th Cir. 1989) (citing *Baker v. McCollan*, 443 U.S. 137, 145-46 (1979)); *Kompare v. Stein*, 801 F.2d 883, 890 (7th Cir. 1986) ("the law appears to be * * * that the police * * * have no constitutional duty to keep investigating a crime once they have established probable cause"). Once Stewart had probably cause to arrest Plaintiff based on Daher's statements, Stewart did not have a constitutional duty to keep investigating the crimes. The facts pled in the complaint establish that Daher's statement to police, even if false, gave Defendant Stewart probable cause to arrest Plaintiff.

### C. Plaintiff's State Law Claims

Because the Court grants Defendants' motions to dismiss as to the sole federal claim (Count V) over which it has original jurisdiction, it must now address whether to retain jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3). In addition to the federal § 1983 claims for false arrest (Count V), Plaintiff Tabet has asserted state law claims for false arrest (Count I), malicious prosecution (Count II), intentional infliction of emotional distress (Count III), conspiracy (Count IV), breach of contract (Count VI), and Conversion/Theft (Count VII).

The Seventh Circuit consistently has stated that "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999); *Alonzi v. Budget Constr. Co.*, 55 F.3d 331, 334 (7th Cir. 1995); *Brazinski v. Amoco*

*Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993). Finding no justification for departing from that "usual practice" in this case,[4] Plaintiff's state law claims for false arrest (Count I), malicious prosecution (Count II), intentional infliction of emotional distress (Count III), conspiracy (Count IV), breach of contract (Count VI), and Conversion/Theft (Count VII) should be remanded to state court. See *In re Repository Technologies, Inc.*, 601 F.3d 710, 724-25 (7th Cir. 2010); *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts."); *Firth v. Chupp*, 2010 WL 5439759, at *2-3 (N.D. Ind. Dec. 27, 2010) (finding that factors of judicial economy, convenience, fairness, and comity "weigh in favor of remand").

---

[4]    In *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-53 (7th Cir. 1994), the Seventh Circuit noted that there occasionally are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point to a federal decision of the state-law claims on the merits." The first example that the Court discussed occurs "when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court." *Id.* at 1251. That concern is not present here, however, because Illinois law gives Plaintiff one year from the dismissal on jurisdictional grounds of state law claims in federal court in which to re-file those claims in state court. See 735 ILCS 5/13-217; *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008). Dismissal without prejudice also is appropriate here because substantial judicial resources have not been committed to the state law counts of Plaintiff's complaint. *Wright*, 29 F.3d at 1251.

## IV.     Conclusion

For the foregoing reasons, the Court grants in part the Mill Run Defendants' motion to dismiss [18], grants in part the Lincolnwood Defendants' motions to dismiss [16], and dismisses Plaintiff Tabet's § 1983 claim false arrest/false imprisonment claim against all Defendants (Count V).  The dismissals are without prejudice at this time.  Plaintiff is given 28 days to replead if he believes that he can cure the deficiencies identified above.  Should Plaintiff chose not to replead or be unable to cure the deficiencies, the remainder of Plaintiff's claims—all state law claims—will be remanded to the Circuit Court of Cook County.

Dated:  March 28, 2010                        _____
                                              Robert M. Dow, Jr.
                                              United States District Judge